# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

EFFIE LEE FOWLER

                                                                                              **PLAINTIFF**

v.                     **CASE NO. 4:06-CV-00868 GTE**

**ARKANSAS STATE HOSPITAL and**
**MICHELLE RANSON, M.D.**                                                                   **DEFENDANT**

## ORDER

Presently before the Court are Defendant's Motion to Dismiss and Plaintiff's Motion for Appointment of Counsel. Plaintiff asserts that the purpose of her complaint "is to recover damages for violations of my civil rights and religious rights." Therefore, it appears that Plaintiff brings her claim under 42 U.S.C. § 1983.

In their Motion to Dismiss, Defendants argue that (1) the Court lacks personal jurisdiction over them because the Plaintiff failed to comply with the rules governing service of process, (2) Plaintiff fails to state a claim upon which relief can be granted, (3) the Court should abstain under the *Younger* Doctrine, and (4) Defendants are protected by sovereign and state immunity.

Regarding the sovereign immunity issue, Plaintiff's Complaint names as Defendants Arkansas State Hospital, which is owned and operated by the Arkansas Department of Health and Human Services, Division of Behavioral Health Services, a department of the executive branch of the State of Arkansas, and Michelle Ransom, M.D., an employee at Arkansas State Hospital. Plaintiff initially states that she seeks, among other things, $300,000 in damages from Dr. Ransom for "mental and emotional distress." In a response to Magistrate Judge Young's request for clarification as to whether the purpose of the suit is to recover damages for violations of her civil rights, or whether she seeks an order for release from criminal commitment, Plaintiff

states, "This case and its purpose is to recover damages for violations of my civil rights and religious rights that have been violated since I've been here."

In *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619-20 (8th Cir. 1995), the Eighth Circuit stated that while "[t]he Eleventh Amendment does not prevent a plaintiff from seeking damages from a state official if she sues the official in his personal capacity," "a plaintiff who wishes to sue a state official in his personal capacity must so specify in her complaint." (citing *Scheuer v. Rhodes,* 416 U.S. 232, 238, 94 S. Ct. 1683, 1687, 40 L. Ed. 2d 90 (1974); *Nix v. Norman,* 879 F.2d 429 (8th Cir. 1989)). "If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." *Id*. (rejecting the argument that by referring to individuals by name rather than official position the complaint provided notice that plaintiff was suing them in their personal capacities) (citing *DeYoung v. Patten,* 898 F.2d 628, 635 (8th Cir. 1990), *overruled on other grounds by Forbes v. Arkansas Educ. Television Communication Network Found.,* 22 F.3d 1423 (8th Cir.) (en banc), *cert. denied,* 513 U.S. 995, 115 S. Ct. 500, 130 L. Ed.2d 409 (1994)). Therefore, the Court interprets Plaintiff's Complaint as including only an official-capacity claim against Dr. Ransom.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). The Eleventh Amendment bars such suits against a state unless the state has waived that immunity or Congress has abrogated it under § 5 of the Fourteenth Amendment. *Id.* at 66. The State of Arkansas has not waived its immunity, and Congress has not abrogated Arkansas' Eleventh Amendment immunity under 42 U.S.C. § 1983. *Id. (citing Quern v. Jordan,* 440 U.S. 332, 345

(1979)). *See also Murphy v. State of Arkansas*, 127 F.3d 750 (8th Cir. 1997) ("[I]t is well settled that the Eleventh Amendment bars Murphy's claims against the State of Arkansas and its two agencies, the Employment Security Department and the Department of Finance and Administration . . . Second, § 1983 damages claims against the seven individual defendants acting in their official capacities are likewise barred, either by the Elevenths Amendment or because in these capacities they are not 'persons' for § 1983 purposes."). "The Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees." *Murphy*, 127 F.3d at 755 (citing *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir. 1989); *Wells v. Brown,* 891 F.2d 591, 593 (6th Cir. 1989)). As Plaintiff makes clear that she is seeking monetary damages, rather than injunctive relief, from the Defendants, Plaintiff's claims against Arkansas State Hospital and Dr. Ransom are barred.

Because the Court can resolve this motion on the basis of sovereign immunity, it need not address Defendants' remaining arguments. Furthermore, Plaintiff's Motion for Appointment of Counsel is denied as moot.

Accordingly,

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss (Doc. # 17) be, and it is hereby, GRANTED. Plaintiff's Complaint is dismissed.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Appointment of Counsel (Doc. # 20) be, and it is hereby, DENIED as moot.

Dated this 28th day of March, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE